UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>A. HUBBARD, et al.,<br><br>  Defendants. | No.  2:19-cv-2350 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Plaintiff's motion to proceed in forma pauperis was denied on September 9, 2020, and he was ordered to pay the $400.00 filing fee or face dismissal of the case.  ECF No. 12.  Plaintiff then filed a motion for reconsideration, ECF No. 13, which was denied, ECF No. 15.  In denying the motion for reconsideration, the district judge granted plaintiff an additional thirty days to pay the filing fee.  Id. at 15.  The thirty-day period has now expired, and plaintiff has not paid the fee.  It will therefore be recommended that this action be dismissed.

     Plaintiff has once again requested the appointment of counsel to act as his interpreter.  ECF No. 16.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,

////

1

935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, plaintiff has been denied leave to proceed in forma pauperis, ECF No. 12, and has yet to pay the filing fee. Since this case will not proceed until plaintiff has paid the filing fee, and it is currently being recommended that this action be dismissed for his failure to do so, appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 16, is DENIED.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE