UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. HUBBARD, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-2350 JAM AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed a motion reconsideration of his request to proceed in forma pauperis and the order dismissing this case. ECF No. 23.

　　　　Plaintiff has moved for reconsideration of the order denying his application to proceed in forma pauperis. This is plaintiff's third such motion. See ECF Nos. 13, 16. As with plaintiff's previous motion, the majority of the motion is in Spanish and he states that his new evidence is presented in Spanish because he cannot write in English. ECF No. 23 at 1; ECF No. 24. Plaintiff has previously been advised that in order to be considered his filings must be in English. ECF No. 20. Furthermore, though plaintiff states that he is unable to write in English, his filings are all at least partially written in English. Because the portions of the motion that are in English do not present any new facts, the motion will be denied. See L.R. 230(j)(3)-(4) (motion for reconsideration must identify new or different facts). Any further motions for reconsideration that are not in English will be disregarded.

With respect to plaintiff's motion to reconsider the order dismissing this case, a motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)).  The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule].  Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."  Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted).  Since petitioner's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  As with the request to reconsider the denial of plaintiff's request to proceed in forma pauperis, the request to reconsider denial of this case is largely presented in Spanish, and the portion written in English does not present any new evidence or other grounds for reconsideration.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration, ECF No. 23, is DENIED.

DATED:  April 26, 2021                     /s/ John A. Mendez
                                           THE HONORABLE JOHN A. MENDEZ
                                           UNITED STATES DISTRICT COURT JUDGE